UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BEDESCHI AMERICA, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:14-cv-00351-MPS |
| | ) | |
| AGRI SYSTEMS, INC. d/b/a ASI INDUSTRIAL | ) ) | |
|     Defendant and | ) | |
|     Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LEIDOS CONSTRUCTORS, LLC f/k/a SAIC CONSTRUCTORS, LLC | ) ) | MAY 21, 2014 |
|     Third-Party Defendant | ) | |

**THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANT
LEIDOS CONSTRUCTORS, LLC f/k/a SAIC CONSTRUCTORS, LLC**

Defendant/Third-Party Plaintiff Agri-Systems d/b/a ASI Industrial ("ASI") pursuant to Rule 14(a) of the Federal Rules of Civil Procedure hereby avers as follows.

1. ASI has denied liability to Bedeschi America, Inc. ("Bedeschi"), but asserts that if ASI is held liable to Bedeschi, then Third-Party Defendant Leidos Construction, LLC f/k/a SAIC Constructors, LLC ("Leidos") is liable to ASI for all such amounts that ASI is determined liable to Bedeschi.

**PARTIES, JURISDICTION AND VENUE**

2. ASI is a Montana corporation with its principal place of business in Billings, Montana. See 28 U.S.C. § 1332(c)(1).

3. Leidos Constructors, LLC f/k/a SAIC Constructors, LLC ("Leidos") is an Oklahoma Corporation with its principal place of business in Oklahoma City, Oklahoma. Leidos is a citizen of Oklahoma. See 28 U.S.C. § 1332(c)(1).

4. Bedeschi has asserted in this cause that it is a Florida Corporation with its principal place of business in Deerfield Beach, Florida. Bedeschi asserts it is a citizen of Florida. See 28 U.S.C. § 1332(c)(1).

5. Bedeschi has asserted in this Cause that the underlying controversy exceeds $75,000.00 exclusive of interest and costs.

6. If Bedeschi's assertions concerning citizenship and amount in controversy are accurate, this Court has federal diversity jurisdiction in this matter because all parties are diverse in their citizenship and the amount in controversy requirement is met. See 28 U.S.C. § 1332.

7. Venue is proper is this District because a substantial portion of the facts, circumstances, and transactions made the basis of this Third-Party Complaint occurred within this District.

## FACTS

8. ASI is a construction contractor specializing in construction for the agriculture industry including, but not limited to, new construction, repair, and replacement work for biodiesel and biomass plants.

9. Leidos was the general contractor and/or owner for the design and construction of a new biomass renewable energy facility located at 915 Norwich Road, Plainfield, Connecticut, 06374-1923 (the "Project")

10. ASI entered into an agreement with Leidos ("ASI-Leidos Agreement") under which ASI agreed to design and/or furnish certain components for the Project in exchange for

payment. A true and accurate copy of the ASI-Leidos Agreement is attached as **Exhibit A**. Documents incorporated by reference into the ASI-Leidos Agreement are not included with **Exhibit A** as they are voluminous.

11.     ASI, in turn, issued Purchase Order #3448 ("Purchase Order") to Bedeschi which Bedeschi accepted.

12.     Under the Purchase Order, Bedeschi agreed, among other things, to furnish certain equipment that ASI was required to provide under the ASI-Leidos Agreement in exchange for payment of $1,000,000.00.

13.     Bedeschi was bound under the Purchase Order to perform pursuant to the terms of the ASI-Leidos Agreement.

14.     Bedeschi furnished certain components to ASI.

15.     ASI, pursuant to the terms of the ASI-Leidos Agreement, furnished for the Project the components provided by Bedeschi.

16.     Bedeschi filed a Complaint against ASI in this Cause.

17.     The Complaint alleges, inter alia, that ASI breached the Purchase Order, to wit: that Bedeschi has not received full and complete payment for components provided by Bedeschi for the Project. A true and accurate copy of the Complaint is attached as **Exhibit B**.

18.     ASI has denied liability to Bedeschi, but asserts that if held liable to Bedeschi, Leidos is in turn liable to ASI.

## COUNT I
### Breach of Contract

19.     ASI incorporates and realleges the allegations set forth in Paragraphs 1-18 above, as though fully set forth herein.

20.     The ASI-Leidos Agreement is a valid and enforceable agreement.

21. ASI has satisfied all conditions precedent to recover full and complete payment for its performance under the ASI-Leidos Agreement.

22. ASI has not excused Leidos' performance under the ASI-Leidos Agreement.

23. To the extent that ASI is held liable to Bedeschi in this Cause, ASI's liability would arise from Leidos' failure to pay ASI for the components furnished by ASI for the Project.

24. ASI has been damaged to the same extent Bedeschi has been damaged due to Leidos' failure to remit payment for the ASI's performance.

25. ASI will continue to mitigate its damages.

## COUNT II
### Unjust Enrichment

26. ASI incorporates and realleges the allegations set forth in Paragraphs 1-25 above, as though fully set forth herein.

27. Leidos received ASI's full and complete performance for the Project.

28. To the extent that ASI is held liable to Bedeschi in this Cause, Leidos has received a measurable benefit in the same amount without paying for it.

29. To the extent that ASI is held liable to Bedeschi in this Cause, ASI is entitled to damages from Leidos in an equal amount arising from Leidos' unjust enrichment.

## COUNT III
### Promissory Estoppel

30. ASI incorporates and realleges the allegations set forth in Paragraphs 1-29 above, as though fully set forth herein.

31. Leidos made a promise to ASI to compensate ASI for its completed performance for the Project.

32. Leidos made said promise(s) with the expectation that ASI would rely thereon and render said performance.

33. Leidos' promise induced ASI's reasonable reliance in that, but not limited to, ASI performed as requested by Leidos.

34. ASI's reliance was of a definite and substantial nature.

35. To the extent that ASI is held liable to Bedeschi in this Cause, Leidos has failed and refused to fully compensate ASI for ASI's completed and conforming performance.

36. Injustice can only be avoided by enforcement of Leidos' promise.

**WHEREFORE**, Agri-Systems, Inc. d/b/a ASI Industrial ("ASI") prays this Court enter judgment in favor of ASI and against Bedeschi America, Inc. ("Bedeschi") and Leidos Constructors, LLC ("Leidos") in this cause as follows:

    a. Grant judgment in favor of ASI and against Bedeschi on the Complaint;

    b. Grant judgment in favor of ASI and against Leidos on the Third-Party Complaint;

    c. Award ASI compensatory damages;

    d. Award ASI its reasonable attorney's fees in this Cause;

    e. Award ASI's costs accrued and to accrue; and

    f. Such other relief as the Court deems just and equitable.

DEFENDANT: AGRI SYSTEMS, INC.
d/b/a ASI INDUSTRIAL

By:/s/    Jared Cohane ct24264    /
Jared Cohane (ct24264)
Hinckley, Allen & Snyder LLP
20 Church Street
Hartford, CT 06103
Tel: (860) 331-2724
Fax: (860) 331-2725
E-mail: jcohane@hinckleyallen.com

By:/s/ A.J. Manion /
A.J. Manion (*Pro Hac Vice*)
Manion Stigger LLP
20 N.W. First Street, Suite 200
Evansville, IN 44708
Tel: (821) 425-5200
Fax: (812) 425-2464
ajmanion@manionstigger.com

## **CERTIFICATION**

I hereby certify that on May 21, 2014 a copy of the foregoing was filed electronically and served by first-class mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/     Jared Cohane ct24264     /
Jared Cohane